IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES S. ERVIN, SR., 06740-027,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-3926-DWD |
| | ) |
| **E. WILLIAMS, ET AL.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On December 29, 2023, the Court reviewed Plaintiff's pleadings and determined that despite his representations, he had three strikes under the PLRA (28 U.S.C. § 1915(g) and was ineligible to proceed without prepayment of the full $405 filing fee. (Doc. 7). The Court afforded Plaintiff 21 days to pay the filing fee, by January 19, 2024. Rather than pay the fee, Plaintiff has now moved for reconsideration of the Court's order deeming him a three-striker and assessing the fee. (Doc. 9). For reasons explained here, Plaintiff's Motion is denied, and he will be given a final chance to pay the filing fee.

Plaintiff contends that he should be allowed to proceed as a pauper because he has only 27 cents in his trust fund account, and he cannot afford the $405 fee. He also argues that both at the time he filed the cases for which he incurred strikes, and now, he has never submitted anything to the courts with frivolous or malicious intent. (Doc. 9 at 2). He blames an missteps or flaws in his filings on his lack of legal expertise, and his lack of access to databases for legal research or to access public court filings. Specifically, he

argues he did not mean to mis-lead the Court about his litigation history and simply did not realize that his cases from nearly two decades ago resulted in three strikes.

While it certainly may be true that Plaintiff did not realize litigation from two decades ago resulted in three strikes under the PLRA, the Court cannot excuse Plaintiff from paying the filing fee because it must follow the terms of the PLRA.  Section 1915(g) provides that,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court has already determined that based on the allegations in the complaint, plaintiff is not under any imminent danger, so he does not qualify for the only exception to the PLRA's three strike rule.  As such, neither Plaintiff's own inadvertence, nor his lack of funds is a sufficient basis to give him pauper status in this lawsuit.

Plaintiff also made many allegations in his Motion (Doc. 9) about his delayed receipt of the Court's order applying the filing fee, but the Court need not take any action on these allegations because it has not deemed Plaintiff's submission late, and it has not penalized him in relation to timeliness of his submission.  Plaintiff's Motion to Reconsider (Doc. 9) is DENIED.  He shall have an additional 30 days, until March 22, 2024, to pay the filing fee of $405, failing which, this case will be dismissed.

**IT IS SO ORDERED.**

**Dated**: February 21, 2024

/s/ *David W. Dugan*
**DAVID W. DUGAN**
**United States District Judge**